UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| VINCENT SHAMONT ROGERS, Petitioner | CIVIL DOCKET NO. 1:19-CV-1399-P |
| VERSUS | JUDGE DRELL |
| CHRIS MCCONNELL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Vincent Shamont Rogers ("Rogers") (#16115-171). Rogers is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Pollock, Louisiana.

Because Rogers cannot meet the requirements of the savings clause, his § 2241 Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I. **Background**

Rogers was sentenced to 730 months of imprisonment after being convicted of "three counts of robbery and aiding and abetting the same, in violation of the Hobbs Act, 18 U.S.C. §§ 2, 1951(a) (2006) (Counts 1, 3, and 5), and three counts of using or carrying a firearm during, and possession of a firearm in furtherance of, a crime of violence, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A) (2006) (Counts 2, 4, and 6)." *United States v. Rogers*, 383 F. App'x 337, 338 (4th Cir. 2010). The convictions and sentence were affirmed on appeal. *Id.*

Rogers filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. *Rogers v. United States*, 7:08-CR-216, 2014 WL 12819294 (D.S.C. Aug. 6, 2014). The motion was granted, and Rogers's conviction was vacated based on his attorney's failure to adequately impeach the Government's cooperating witness. *Id.*

Thereafter, Rogers pleaded guilty to Counts 1, 2, 3, and 5 of the Indictment, and Counts 4 and 6 were dismissed by the Government. Case No. 7:08-CR-00216, D. S.C.; ECF No. 259. Rogers was re-sentenced to 300 months of imprisonment. *Id.*

II. **Law and Analysis**

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (*per curiam*) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)). Claims cognizable under § 2255 include allegations that "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, a federal prisoner may bring a petition under § 2241 to challenge the legality of his

conviction or sentence if the prisoner can satisfy the mandates of the "savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)).

The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). But, relief under § 2255 is not "inadequate or ineffective" merely because the prisoner has filed a prior unsuccessful § 2255 motion or is unable to meet the requirements for filing a second or successive § 2255 motion. *Tolliver*, 211 F.3d at 878. Rather, the petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

Before a petitioner may pursue relief through § 2241 under the language of the savings clause of § 2255(e), the petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904; *Jeffers*, 253 F.3d at 830).

3

Rogers claims that he qualifies for application of the savings clause under *United States v. Davis*, 139 S.Ct. 2319 (2019), which held that residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutional. In *United States v. Reece*, 938 F.3d 630 (5th Cir. 2019), the Fifth Circuit subsequently found that *Davis* is retroactively applicable to cases on collateral review. However, Rogers cannot meet the requirements of the savings clause because *Davis* did not decriminalize the conduct for which Rogers was convicted.

First, Rogers was convicted and sentenced under § 924(c)(1)(A), not the unconstitutional provision, § 924(c)(3)(B). Therefore, *Davis* has no bearing upon Rogers's conviction and sentence. *See United States v. Ellis*, 15-CR-124, 2019 WL 4673178, at *1 (E.D. La. Sept. 25, 2019).

Moreover, Rogers's § 924(c)(1)(A) conviction is predicated upon a substantive Hobbs Act robbery, which is, categorically, a crime of violence. *See United States v. Bowens*, 907 F.3d 347, 353-54 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1299 (2019) ("[B]inding circuit precedent forecloses [defendant's] claim that Hobbs Act robbery is not a [crime of violence] predicate under 18 U.S.C. § 924(c)(3)(A). . . ."). Additionally, aiding and abetting Hobbs Act robbery qualifies as a crime of violence under the force clause of Section 924(c) rather than the unconstitutional residual clause. *See In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016); *United States v. Grissom*, 760 F. App'x 448, 454 (7th Cir. 2019) (holding that, because aiding and abetting is an alternative theory of liability for an offense, one who aided and abetted a Hobbs Act robbery still

4

committed a predicate crime of violence under § 924(c)); *United States v. McKelvey*, 773 F. App'x 74, 75 (3d Cir. 2019) (same).

Therefore, although *Davis* announced a new rule of constitutional law that generally applies retroactively on collateral review, *Davis* does not apply to Rogers's conviction and sentence under § 1951(a) and § 924(c)(1)(A).

## III. Conclusion

Because Rogers cannot meet the requirements of the savings clause, the § 2241 Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Rogers's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

---

[1] *See Pack*, 218 F.3d at 454 ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

5

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 29th day of January 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE